UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JONATHAN DAVID HEWITT-EL,

        Petitioner,               Case Number: 2:19-10652
                                                      HONORABLE SEAN F. COX

v.

LES PARISH,

        Respondent.
_____/

## OPINION AND ORDER GRANTING RESPONDENT'S MOTION FOR STAY PENDING APPEAL (ECF NO. 16)

On February 15, 2022, the Court granted Petitioner Jonathan David Hewitt-El a conditional writ of habeas corpus on the ground that he received ineffective assistance of counsel and the state court's decision to the contrary was an unreasonable application of clearly established Supreme Court precedent. *Hewitt-El v. Parish*, No. 2:19-10652, 2022 WL 468950 (E.D. Mich. Feb. 15, 2022). The Court has ordered Petitioner released from state custody unless the State of Michigan initiates proceedings to retry him within 120 days. *Id.* at *11. Respondent has appealed the Court's decision (ECF No. 11) and moved for a stay pending appeal (ECF No. 16). Petitioner has moved for bond pending appeal. (ECF No. 14.)

For the reasons that follow, Respondent's motion is GRANTED. The Court will separately address Petitioner's motion for bond after Pretrial Services completes an investigation.

## MOTION FOR STAY PENDING APPEAL

The Court considers four factors to determine whether a stay should be issued pending appeal: (1) whether the stay applicant has made a strong showing that the applicant is likely to succeed on the merits on appeal; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) whether the public interest is served. *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987).

Respondent contends that he is likely to succeed on the merits of the case on appeal. In support of this argument, Respondent primarily offers a restatement of arguments already considered by the Court. So for the reasons stated in detail in the opinion granting habeas relief, the Court concludes that Respondent has not demonstrated a strong likelihood of success. Nevertheless, the Court recognizes the standard governing habeas corpus proceedings is difficult to meet, particularly as it applies to ineffective assistance of counsel claims. *See Harrington v. Richter*, 562 U.S. 86, 105 (2011) ("The standards created by *Strickland* and § 2254(d) are both highly deferential ... and when the two apply in tandem, review is doubly so.") (quotations omitted). As such, the Court finds this factor favors neither side.

Second, if the Court's order is not stayed, the State faces the prospect of having to expend substantial resources to conduct a second trial while simultaneously appealing the Court's decision. The second factor therefore favors granting the stay.

Third, Respondent's interest in a stay is not necessarily at odds with Petitioner's

"always substantial" interest in avoiding unconstitutional detention. *Hilton*, 481 U.S. at 777. Petitioner has moved for release on bond pending appeal and, as discussed below, the Court will separately address the availability of bond after Pretrial Services completes an investigation.

Finally, the Court finds that the public has a compelling interest in avoiding the waste of judicial resources that would result from forcing the State to retry the petitioner while an appeal remains pending. This factor therefore favors granting a stay of the Court's order.

For these reasons, the factors enumerated in *Hilton* weigh in favor of staying the conditional writ pending resolution of the appeal.

## MOTION FOR BOND PENDING APPEAL

Petitioner has filed a motion for bond pending appeal. There is a presumption that a successful habeas petitioner should be released from custody pending the state's appeal of a federal-court decision granting habeas relief. Fed. R. App. P. Rule 23(c); *Hilton*, 481 U.S. at 774. The presumption favoring release may be overcome if the judge rendering the decision "otherwise orders." *Hilton*, 481 U.S. at 774. In addition to the traditional stay factors, a court should consider the possibility of flight, possible danger to the public, and the "state's interest in continuing custody and rehabilitation pending a final determination of the case on appeal." *Id*. at 777. Respondent argues that Petitioner's "abysmal" institutional record weighs heavily against release on bond. (ECF No. 15, PageID.7113.) Petitioner notes that he has received fewer misconduct tickets than the average MDOC prisoner and has not been found guilty of any misconduct involving a physical assault. (*See* ECF No. 17,

PageID.7153.) The Court has requested an investigation by pretrial services and will decide the motion for bond in a separate decision after the investigation is complete.

## **ORDER**

For the foregoing reasons, the Court GRANTS Respondent's Motion for Stay Pending Appeal (ECF No. 16).

SO ORDERED.

                                              s/Sean F. Cox
                                              Sean F. Cox
                                              United States District Judge

Dated: May 10, 2022